IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 06-00561 DKW |
| | CV No. 15-00419 DKW-KSC |
| Plaintiff, | |
| | CR No. 10-00793 DKW-1 |
| vs. | CV No. 15-00461 DKW-BMK |
| GARRET CARREIRA, (01) | **ORDER DENYING MOTIONS** |
| | **FOR RELEASE ON BAIL** |
| JAMES McCANDLESS, (01) | |
| Defendants. | |

**ORDER DENYING MOTIONS FOR RELEASE ON BAIL**

**INTRODUCTION**

Petitioners Garret Carreira and James McCandless seek release on bail

pending disposition of their 28 U.S.C. § 2255 motions, which challenge their

sentences under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Descamps v.*

*United States*, 133 S. Ct. 2276 (2013).   Because this Court cannot act where it lacks

the authority to do so, and because it is not clear that district court authority to grant

bail pending a Section 2255 motion exists in this Circuit at this time, Petitioners'

motions are DENIED.   Petitioners, however, are granted leave to seek an

immediate appeal, to the extent such leave is necessary.

## DISCUSSION

### I. The District Court Lacks Clear Authority To Grant Bail Under The Circumstances Presented Here

The parties do not dispute that there are no statutes or rules that address this Court's authority to grant release pending its decision on Petitioners' Section 2255 motions. The parties specifically acknowledge that neither the Bail Reform Act[1] nor federal habeas statutes speak to whether bail may be granted to a federal prisoner while his or her Section 2255 motion is pending in district court. Federal Rule of Appellate Procedure 23 facially applies only to motions for release filed *after* the district court has issued a decision on the merits of a habeas petition. Petitioners nonetheless urge the Court to exercise its "inherent authority" to grant them the relief they seek.

There is no controlling case law from the Ninth Circuit that speaks to this issue. The Ninth Circuit declined to reach the issue in *In re Roe*, 257 F.3d 1077, 1079 (9th Cir. 2001), when presented with the question of "whether a district court has the authority to grant bail pending a decision on a 28 U.S.C. § 2254 habeas corpus petition." *See id.* at 1080 ("We need not, and specifically do not, resolve

---

[1]"The Bail Reform Act does not apply to federal prisoners seeking postconviction relief." *United States v. Mett*, 41 F.3d 1281, 1282 (9th Cir. 1994).

this issue today."). Since *Roe*, district courts within this circuit have lamented the absence of a guiding decision, while others have assumed that authority to act exists in order to fill the void. *See, e.g., Cohn v. Arizona*, 2015 WL 4607680, at *1 (D. Ariz. July 31, 2015) ("It is unclear under Ninth Circuit case law whether a federal district court has the authority to release a state prisoner pending the resolution of a habeas proceeding."); *Remsen v. Holland*, 2012 WL 5386347, at *10 (E.D. Cal. Nov. 1, 2012) ("The Ninth Circuit Court of Appeals has expressly declined to decide whether a district court has the authority to release a state prisoner on bail pending resolution of habeas proceedings. *In re Roe*, 257 F.3d 1077, 1080 (9th Cir. 2001). However, it will be assumed for the sake of argument that a district court has such authority."); *Canas v. Curry*, 2010 WL 5088222, at *1 (N.D. Cal. Dec. 8, 2010) ("The Ninth Circuit has not decided whether a district court possesses the authority to grant a state prisoner bail during the pendency of federal habeas corpus proceedings. *See In re Roe*, 257 F.3d 1077, 1080 (9th Cir. 2001). Nevertheless, assuming such authority exists, the Court notes that a prisoner's release on bail pending a decision in a habeas case is reserved for extraordinary cases involving special circumstances or a high probability of success.").

The district court in *Hall v. San Francisco Superior Court* wrestled with the same issue, acknowledging the lack of circuit guidance: "The Ninth Circuit similarly

has not decided whether a prisoner may be released on bail during the pendency of

his district court habeas action." *Hall v. San Francisco Super. Ct.*, 2010 WL

890044, at \*1 (N.D. Cal. Mar. 8, 2010) (footnote omitted) (citing *In re Roe*, 257 F.3d

1077, 1080 (9th Cir. 2001)).   The district court in *Hall* surveyed the law of other

circuits, and noted that those to have considered the matter have concluded that the

district courts within their respective circuits did, in fact, have such authority:

> Although it remains undecided by the Ninth Circuit whether this
> court may release a state prisoner on bail pending a decision on
> the merits of his petition, the court notes that *all* of the other
> circuit courts that have decided the issue have concluded that the
> district court indeed possesses such authority.   *See, e.g., Mapp
> v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001); *Landano* [*v. Rafferty*,
> 970 F.2d 1230, 1238 (3d Cir. 1992)]; *Martin v. Solem*, 801 F.2d
> 324, 329 (8th Cir. 1986); *Woodcock v. Donnelly*, 470 F.2d 93, 94
> (1st Cir. 1972); *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir.
> 1974); *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990); *Cherek
> v. United States*, 767 F.2d 335, 337 (7th Cir. 1985); *Pfaff v.
> Wells*, 648 F.2d 689, 693 (10th Cir. 1981); *Baker v. Sard*, 420
> F.2d 1342, 1343-44 (D.C. Cir. 1969).   Based on the
> overwhelming authority in support, the court concludes for
> purposes of the instant motion that it has the authority to release
> Hall pending a decision on the merits.

*Hall*, 2010 WL 890044, at \*2.[2]

---

[2]*See also Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985) (citing cases from the Second, Fifth, Sixth, and Tenth Circuits and recognizing that "there is abundant authority that federal district judges in habeas corpus and section 2255 proceedings have inherent power to admit applicants to bail pending the decision of their cases, but a power to be exercised very sparingly.").

4

Notwithstanding *Hall* and its reliance on the out-of-Circuit cases cited

therein,[3] this Court declines to address the merits of Petitioners' bail requests in the

absence of definitive guidance from the Ninth Circuit regarding the scope of this

Court's bail authority, inherent or otherwise.   The Court will not simply read into

Federal Rule of Appellate Procedure 23 what it does not on its face declare.   It is

undisputed that Rule 23 does not grant to district courts the same authority it

expressly grants to the Courts of Appeals.   That Rule 23 affords the Courts of

Appeals the authority to grant release pending review of a habeas petition, coupled

with the absence of any similar statute or rule that applies to district judges, could be

read as evidencing an intent to withhold such authority from district judges and to

reserve it for their appellate brethren, just as easily as it would be to infer that district

judges have, or should have, the same authority.   This Court is not in a position to

guess.

Because this Court is without the evident authority to grant the relief

requested by Petitioners, the Motions for Bail are DENIED without reaching the

merits of either bail motion.

---

[3]The Court recognizes that two judges from this court have recently concurred with *Hall*'s
determination that district courts have the inherent authority to grant bail in the circumstances
presented here.   *See United States v. Lee*, Crim. No. 12-00133 JMS (Dkt. No. 214); *United States
v. Swaba*, Crim. No. 04-00398 LEK (Dkt. Nos. 66 & 67).

## II.    Leave to Take an Interlocutory Appeal is Granted

To the extent the Court's ruling on Petitioners' motions may be properly considered an appealable interlocutory or collateral order, leave is granted to appeal pursuant to 28 U.S.C. § 1292(b).[4]   *See* 28 U.S.C. § 1292(b) (Setting forth requirements that the order (1) involve a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation.).   At the March 10, 2016 hearing on Petitioners' motions, the Court stated its findings that these requirements were demonstrably met.

The requirement of a certificate of appealability does not likely apply under the circumstances presented here.   *See* R. 11 Governing § 2255 Cases in the U.S. Dist. Cts. (providing that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").   To the extent it does apply, the Court has carefully reviewed Petitioners' assertions and GRANTS each a certificate of appealability.

---

[4]*But see Land v. Deeds*, 878 F.2d 318, 318 (9th Cir. 1989) (per curiam) (Construing Section 2254 petitioner's appeal of order denying bail as a petition for a writ of mandamus because, "[t]his is neither an appeal from a final judgment, 28 U.S.C. § 1291, nor a valid interlocutory appeal under the collateral order exception.   Consequently, this appeal is dismissed for lack of jurisdiction, and we construe this appeal from a non-appealable order as a petition for a writ of mandamus.") (citations omitted).

## CONCLUSION

Based on the foregoing, Petitioners' motions for bail are DENIED on the

limited ground that the Court is without the authority to grant the requested relief.

The Court does not reach the merits of Petitioners' requests.   Petitioners are

GRANTED leave to seek an immediate appeal, or in the alternative, are each granted

a certificate of appealability, if necessary.

The parties are hereby notified that these matters will be STAYED pending

resolution of Petitioners' appeals of the denial of their motions for bail and/or

petitions for a writ of mandamus regarding the same.

IT IS SO ORDERED.

DATED: March 10, 2016 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

--------------------------------------------------------------------------------------------------------

*United States of America v. Garret Carreira*, Criminal No. 06-00561 DKW; Civil
No. 15-00419 DKW-KSC; *United States of America v. James McCandless*,
Criminal No. 10-00793 DKW-1; Civil No. 15-00461 DKW-BMK; **ORDER
DENYING MOTIONS FOR RELEASE ON BAIL**

7