IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| JAMES McCANDLESS,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CR NO. 10-00793-1 DKW<br>CV NO. 15-00461 DKW-KJM<br><br>**ORDER DISMISSING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

**INTRODUCTION**

On May 7, 2012, Petitioner James McCandless was sentenced to a 145-month term of imprisonment for possessing with the intent to distribute 5 grams or more of methamphetamine. On November 3, 2015, McCandless filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Section 2255 Motion"), which the Court held in abeyance pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). McCandless contends that his enhancement under the Sentencing Guidelines career-offender provision violates due process in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), notwithstanding *Beckles*, which forecloses a vagueness challenge to the residual clause of the advisory

Guidelines.[1]  Because McCandless did not file his Section 2255 Motion within one year after his conviction became final and because *Johnson* neither applies to nor extends the filing-deadline for Guidelines challenges on collateral review, McCandless' Section 2255 Motion is not timely.  The Court therefore dismisses the Section 2255 Motion and declines to issue a certificate of appealability.

## BACKGROUND

I. **Plea And Sentencing**

On November 1, 2010, McCandless and a co-defendant were charged in a single-count Information with conspiring to possess with the intent to distribute 5 or more grams (approximately 19.6 grams) of methamphetamine, its salts, isomers, and salts of its isomers, in violation of 18 U.S.C. §§ 841(a)(1), (b)(1)(b) and 846.  *See* Dkt. No. 64 (11/1/10 Information).  On November 3, 2010, the government filed a Special Information giving notice that it proposed to rely on defendant's prior August 7, 2008 conviction for felony drug offenses in the Circuit Court for the Third Circuit, State of Hawaii, in Cr. No. 07-1-517, in support of its claim that

---

[1] Prior to amendment, the advisory Sentencing Guidelines included a residual clause defining a "crime of violence" as an offense that "involves conduct that presents a serious potential risk of physical injury to another."  United States Sentencing Commission, Guidelines Manual § 4B1.2(a)(2) ("U.S.S.G.").  The Supreme Court held in *Johnson v. United States*, 135 S. Ct. 2551 (2015), that the identically worded residual clause in the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague.  In *Beckles v. United States*, 137 S. Ct. 886 (2017), however, the Supreme Court held that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause.

2

McCandless was subject to an increased mandatory minimum term, pursuant to 21 U.S.C. §§ 841(b) and 851. *See* Dkt. No. 68 (11/3/10 Special Information).

On November 5, 2010, McCandless waived indictment and pled guilty before a magistrate judge to the single-count Information without a plea agreement. *See* Dkt. No. 73 (11/5/10 Court Minutes), Dkt. No. 77 (11/5/10 Waiver of Indictment), Dkt. No. 79 (11/5/10 Report and Recommendation); Dkt. No. 86 (11/29/10 Acceptance of Plea of Guilty).

On May 7, 2012, the sentencing court granted the government's motion for a downward departure (Dkt. No. 146), adopted the findings of the Presentence Investigation Report ("PSR"), and sentenced McCandless to a term of imprisonment of 145 months.[2] *See* Dkt. No. 159 (5/7/12 Court Minutes), Dkt. No. 160 (5/9/2012 Judgment); Dkt. Nos. 161–162 (5/11/12 PSR). The PSR reflected that McCandless qualified as a career offender under U.S.S.G. § 4B1.1 based upon prior state court felony convictions for: (1) a crime of violence (Burglary in the Second Degree)[3]; and

---

[2] Based on the total offense level of 34 and criminal history category of VI (criminal history points=14), the advisory guideline range was 262 to 327 months. *See* Dkt. Nos. 161–162 (5/11/12 PSR, Addendum No. 2) at 2A–6A ¶¶ 47, 47a., 76. Prior to the March 5, 2012 filing of Addendum No. 2 to the PSR—which gave notice that McCandless qualified as a career offender under U.S.S.G. § 4B1.1—the Probation Office calculated the advisory guideline offense level at 27, with a criminal history category of VI, providing for a guideline imprisonment range of 151 to 188 months. *See* PSR at 17, 22 ¶¶ 47, 76. Accordingly, although the career offender designation did not alter defendant's criminal history category, it changed his offense level.
[3] The second degree burglary conviction for violation of Haw. Rev. Stat. § 708-811 was deemed a crime of violence solely under U.S.S.G. § 4B1.2(a)(2)'s residual clause, and not the elements clause. Addendum No. 2 to the PSR also determined that Hawaii's burglary offenses do not

3

(2) a controlled substance offense (Promoting a Dangerous Drug in the Second Degree). *See* PSR, Addendum No. 2 at 2A–6A. The sentencing court also imposed an eight-year term of supervised release. *Id.*

McCandless did not file a direct appeal of his conviction and sentence.

## II.    Section 2255 Motion[4]

On November 3, 2015, McCandless filed his Section 2255 Motion, relying upon the Supreme Court's decision in *Johnson*, which held that the Armed Career Criminal Act's ("ACCA"), 18 U.S.C. § 924(e)(2)(b), residual clause is unconstitutionally vague and therefore may not serve as the basis for a sentence enhancement under the Act. *Id*. at 2557. McCandless was not sentenced under the ACCA. He nevertheless contends that his sentence is unconstitutional under *Johnson* because his advisory Sentencing Guidelines range was enhanced using the similar residual clause language contained in the Guidelines' career-offender provision. *See* 11/3/15 Mem. in Supp., Dkt. No. 164-1; 2/11/16 Mem. in Supp., Dkt. No. 172.

McCandless maintains that he is not a career offender under the Guidelines because his second degree burglary conviction is not a "crime of violence" under the

---

categorically qualify as generic burglary under Section 4B1.2(a)(2)'s enumerated offenses clause, because Hawaii's definition of "building" is overbroad. *See* PSR, Addendum No. at 2A–4A.
[4]On January 29, 2016, this Section 2255 Motion and the underlying criminal case, Crim. No. 10-00793, were re-assigned to this Court. Dkt. No. 171.

4

elements and enumerated offenses clauses of the career offender provision, and because *Johnson* disallows reliance on the residual clause. According to McCandless, he should not have been enhanced under U.S.S.G. § 4B1.1, his total offense level should have been 27, rather than 34, and his applicable guideline range should have been 130 to 162 months, rather than 262 to 327 months. 11/3/15 Mem. in Supp. at 18. Employing his logic, the "substantial assistance he provided, which [the sentencing court] found to be worth taking 45% off the low end of his guideline range, results in an 71-month sentence, not the 145-month sentence [McCandless] is presently (and unconstitutionally) serving." *Id.* The government opposed the Section 2255 Motion on the grounds that it was untimely filed and procedurally barred due to the lack of a direct appeal. *See* 1/21/16 Answer to Mot., Dkt. No. 169.

On July 8, 2016, while his interlocutory bail appeal was pending,[5] this Court issued its order holding in abeyance consideration of the merits of the Section 2255

---

[5]On February 22, 2016, McCandless filed a motion for release on bail pending the resolution of the Section 2255 Motion. Dkt. No. 173. This Court denied that motion following a hearing on March 10, 2016. *See* Dkt. No. 181 (3/10/16 Court Minutes); Dkt. No. 182 (3/10/16 Order). McCandless filed an interlocutory appeal on March 11, 2016. Dkt. No. 183 (3/11/16 Fed.R.App.P. 9(b) Notice). On July 8, 2016, while the interlocutory appeal was pending, this Court issued its order holding the case in abeyance, pending the Supreme Court's decision in *Beckles*. *See* Dkt. No. 189. On November 10, 2016, the Court of Appeals for the Ninth Circuit held that the order denying bail was not appealable, construed petitioner's appeal as a petition for mandamus, and denied the petition for mandamus. *United States v. McCandless*, 841 F.3d 819, 823 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 2265 (2017). In denying McCandless the relief requested, Ninth Circuit reasoned that—

5

Motion, pending the Supreme Court's decision in *Beckles*, involving claims that *Johnson* applied equally to the residual clause of the Sentencing Guidelines. *See* Dkt. No. 189. Following the decision in *Beckles* and the denial of a petition for a writ of certiorari in his bail appeal (Dkt. No. 195), McCandless filed a Supplemental Memorandum on July 25, 2017, arguing that his due process claim is viable under

---

> To establish that he will have over-served his lawful sentence if he remains incarcerated while awaiting the outcome in *Beckles*, McCandless must show that he will likely receive a sentence of less than 108 months in the event that *Beckles* is resolved in his favor.
>
> McCandless has not made that showing, even if we credit for the sake of argument his description of the sentencing parameters involved. If McCandless is resentenced without the career-offender enhancement, his advisory Sentencing Guidelines range will be 130 to 162 months, the low end of which is obviously above 108 months. But McCandless contends that he would be eligible for a departure below that range, and indeed that he would be eligible for a departure below the mandatory minimum sentence of 120 months. (At his initial sentencing, the government filed a motion pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 to reward McCandless for his substantial assistance.) McCandless points out that the district court originally departed downward to a sentence of 145 months from an advisory sentencing range of 262 to 327 months, a 45% departure from the low end of that range. If the district court were to grant a comparable downward departure from the low end of a revised advisory sentencing range of 130 to 162 months, McCandless asserts, he would receive a sentence of just 71 months, well below the amount of time he has already served.
>
> McCandless' contention that he would receive a post-*Beckles* sentence of less than 108 months is entirely speculative. A defendant's advisory Sentencing Guidelines range is only one of several factors that the court must consider in evaluating what sentence to impose. *See* 18 U.S.C. § 3553(a). So even with a revised advisory sentencing range of 130 to 162 months, there is no way of predicting whether the district court would grant a downward departure below that range or by how much. In that respect, it is worth noting that the district court had the authority at the original sentencing hearing to depart below the mandatory minimum sentence of 120 months but determined not to do so.
>
> For these reasons, McCandless has not shown that he has a high probability of success on the merits of his habeas petition or that he will likely end up over-serving his constitutionally permissible sentence if he is denied bail.

*McCandless*, 841 F.3d at 822–23.

*Johnson*, notwithstanding the holding in *Beckles*. *See* Suppl. Mem. in Supp. at 3, Dkt. No. 196 ("[E]ven though the void-for-vagueness doctrine does not reach §4B1.2's residual clause . . . like the ACCA's defunct residual clause, section 4B1.2's residual clause taints any sentence it touches with unreliability and arbitrariness."). The government filed a Supplemental Response as directed on August 25, 2017 (Dkt. No 198), and McCandless *sua sponte* filed a Reply on August 31, 2017 (Dkt. No. 199).

## STANDARD OF REVIEW

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). The statute authorizes the sentencing court to grant relief if it concludes "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" *Id.*

In addition, the Court shall hold an evidentiary hearing on a petitioner's motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). The standard for holding an evidentiary hearing is whether the petitioner has made specific factual

7

allegations that, if true, state a claim on which relief could be granted. *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984). In other words, "[a] hearing must be granted unless the movant's allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *Id.*

## DISCUSSION

### I. The Section 2255 Motion Is Dismissed As Untimely

As discussed below, because McCandless did not file his Section 2255 Motion within the one-year filing period, and because he asserts no right newly recognized by *Johnson* that is retroactively applicable to cases on collateral review under Section 2255(f)(3), the Section 2255 Motion is dismissed as untimely.[6]

#### A. Timeliness Under Section 2255(f)(3)

Under 28 U.S.C. § 2255(f)(1), McCandless had one year from the date that his judgment of conviction became final to attack the corresponding sentence. Because his judgment of conviction became final on May 23, 2012—and he did not file his Section 2255 Motion until November 3, 2015—he must satisfy one of the other conditions set forth in Section 2255(f) for restarting the limitations period.

---

[6]In light of the Court's dismissal of the Section 2255 Motion on timeliness grounds, it does not reach the government's alternative arguments that the petition is procedurally barred because McCandless did not raise his current claim on direct appeal or that it is otherwise without merit.

8

McCandless relies upon Section 2255(f)(3), which permits a Section 2255 petition that "assert[s] . . . a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" within one year of the Supreme Court's recognition of the right. 28 U.S.C. § 2255(f)(3); *see also Dodd v. United States*, 545 U.S. 353, 357–58 (2005) (describing Section 2255(f)(3) as requiring that "(1) the right asserted by the applicant was initially recognized by this Court; (2) this Court newly recognized the right; and (3) a court must have made the right retroactively applicable to cases on collateral review" (citation and quotation marks omitted)).

On March 6, 2017, the Supreme Court held in *Beckles* that the residual clause in the Sentencing Guidelines, which is textually identical to the residual clause in the ACCA, "[is] not subject to a challenge under the void-for-vagueness doctrine." 137 S. Ct. at 896. *Beckles* decreed that, unlike the ACCA, the advisory Guidelines, "do not fix the permissible range of sentences," and therefore, the residual clause of Section 4B1.2(a)(2), was not void. *Id*. at 892. The government contends that the holding in *Beckles* forecloses any collateral attack here under the advisory Guidelines,[7] and therefore, McCandless' Section 2255 Motion remains time-barred.

---

[7]McCandless concedes that *Beckles* forecloses a void-for-vagueness due process challenge, but insists that his petition is neither time-barred nor procedurally defaulted, because the "Guidelines, including § 4B1.2(a)'s residual clause . . . remain subject to challenge under other constitutional

9

McCandless maintains that his Section 2255 Motion is timely notwithstanding the holding in *Beckles* because his career offender designation under the Guidelines was "unreliable" and "arbitrary," and violates due process, as first recognized in *Johnson*. The Court therefore examines whether McCandless timely asserts a due process claim in light of *Johnson* and its progeny.

### B. The Section 2255 Motion Is Untimely

On June 26, 2015, the Supreme Court decided *Johnson*, holding that the residual clause definition of "violent felony" in the ACCA was unconstitutionally vague. 135 S. Ct. at 2557–58. The Supreme Court later determined that *Johnson* is retroactively applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). McCandless filed his Section 2255 Motion within one year of *Johnson* and *Welch*. The timeliness inquiry, then, turns on whether McCandless' Section 2255 Motion asserts the particular right recognized by *Johnson* and *Welch*. Put another way, the question is whether *Johnson* newly recognized a right that would permit McCandless to collaterally attack, through Section 2255(f)(3), the constitutionality of his sentence, which was enhanced under the residual clause in the advisory Sentencing Guidelines. The Court concludes that *Johnson* did not.

---

doctrines [including]: that a sentence may not be based on unreliable information and may not be arbitrary." Suppl. Mem. in Supp. at 2.

*Johnson* does not newly recognize any right capable of assertion by McCandless.[8]  8/31/17 Reply at 4, Dkt. No. 199.  *See, e.g., United States v. Brown*, No. 16-7056, 2017 WL 3585073, at *5 (4th Cir. Aug. 21, 2017) ("*Johnson* only recognized that ACCA's residual clause was unconstitutionally vague[.]") (citation omitted).  *Johnson* addressed the constitutionality of a specific provision of the ACCA.  Because McCandless was not sentenced under the ACCA, *Johnson* appears to be of limited utility.  Undaunted, McCandless conjures a "black hole of confusion and uncertainty" generated by the principles underlying *Johnson*.  8/31/17 Reply at 3 (quoting *Johnson*, 135 S. Ct. 2562).  McCandless, however, is unable to cite any new right first recognized by Johnson, akin to the ones he now asserts with respect to unreliability and arbitrariness.  *See* Suppl. Mem. in Supp. at 4.  The best argument McCandless can muster is that his due process claim "has lost none of its force after *Beckles*, even though its articulation, admittedly, shifts a bit."  Suppl. Mem. in Supp. at 4.  The Court is not persuaded.

Even giving *Johnson* the most generous reading possible, McCandless is not entitled to the relief sought—he cannot assert a due process claim under a *newly*

---

[8] "[A] Supreme Court case has 'recognized' an asserted right within the meaning of [Section] 2255(f)(3) if it has formally acknowledged that right in a definite way."  *United States v. Brown*, No. 16-7056, 2017 WL 3585073, at *3 (4th Cir. Aug. 21, 2017); c*f. Williams v. Taylor*, 529 U.S. 362, 412 (2000) (interpreting the phrase "clearly established Federal law, as determined by the Supreme Court" within another provision of AEDPA to mean "the holdings, as opposed to the dicta" of Supreme Court precedent).

recognized *Johnson*-right. *See, e.g.*, *United States v. Brown*, No. 16-7056, 2017 WL 3585073, at *6 (4th Cir. Aug. 21, 2017) (Gregory, C.J., dissenting) ("In *Johnson*, the Supreme Court recognized a defendant's right not to have his or her sentence fixed by the application of the categorical approach to an imprecise and indeterminate sentencing provision, and it struck down the ACCA's residual clause as inconsistent with that newly recognized right."). That is so because McCandless does not assert such a right—to not have his sentence "fixed" by the application of the ACCA's residual clause. Rather, as the Supreme Court unmistakably explained in *Beckles*, because the advisory Guidelines, unlike the ACCA, "do not *fix* the permissible range of sentences," the residual clause of Section 4B1.2(a)(2) does not violate due process. 137 S. Ct. at 892 (emphasis added).[9]

---

[9]To be clear, *Johnson* found the ACCA's residual clause vague in violation of due process because it "fails to give ordinary people fair notice of the conduct it punishes, or [is] so standardless that it invites arbitrary enforcement," 135 S. Ct. at 2556, and found that this principle applies to "statutes fixing sentences" just as it applies to "statutes defining elements of crimes," *id*. at 2557. The same is not true of the advisory Guidelines under which McCandless was sentenced. The *Beckles* majority held that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause" because the advisory Guidelines "merely *guide* the district court's discretion." 137 S. Ct at 89 (emphasis added). The Supreme Court explained that, contrary to the ACCA, "the Guidelines advise sentencing courts how to exercise their discretion within the bounds established by Congress." *Id*. at 895. *Beckles* thus excluded from the scope of *Johnson*'s rule those sentencing provisions that advise, but do not bind, a sentencing court or otherwise "*fix*" a defendant's sentence. Notably, as one district court has observed, "after *Beckles*, it is doubtful" that the right McCandless asserts here for a sentence imposed under the advisory Guidelines "is the same right recognized in *Johnson*." *United States v. Beraldo*, 2017 WL 2888565, at *2 (D. Or. July 5, 2017).

12

In fact, McCandless invites the Court to extrapolate a newly recognized right from the contours of *Johnson*'s void-for-vagueness ruling. The Court declines to find his newly "articulated" construction of the right in the principles animating the decision—*Johnson* was not the first to recognize unreliability or arbitrariness as violative of due process—and the *Beckles* court expressly ruled that the advisory Sentencing Guidelines are not amenable to vagueness challenges. Therefore, because McCandless was sentenced under the residual clause of the Sentencing Guidelines and did not bring his Section 2255 Motion within one year of the date from which his conviction became final, his petition is untimely. *See, e.g., Harris v. United States*, 686 F. App'x 345, 348 (6th Cir. 2017) ("[Petitioner] failed to file his § 2255 motion in a timely manner. . . . Consequently, [petitioner] cannot rely on the 2015 ruling in *Johnson* to extend the one-year period for filing his § 2255 motion challenging his 60-month [below guidelines] prison sentence."); *United States v. Torres*, 2017 WL 3052974, at *3 (D.N.M. June 20, 2017) (recommending dismissal of a petitioner's Section 2255 motion as untimely because "*Johnson* did not address whether sentences imposed under the residual clause of the career offender guideline before [*United States v. Booker*, 543 U.S. 220, 245 (2005)], can be challenged as void for vagueness, and *Beckles* left the issue open," so petitioner was not asserting a right recognized by the Supreme Court and made retroactively applicable to cases on collateral review as § 2255(f)(3) requires); *United States v. Beraldo*, 2017 WL

2888565, at *2 (D. Or. July 5, 2017) (following the "growing consensus [of district court cases] and the Court's decision in *Beckles*" and concluding that "defendant cannot rely on 28 U.S.C. § 2255(f)(3) to make his petition timely" because he asserted "the right not to be subjected to a sentence enhanced by a vague mandatory sentencing guideline" and that right "has not been recognized by the Supreme Court"); *Hirano v. United States*, 2017 WL 2661629, *8 (D. Haw. June 20, 2017) (denying a Section 2255 motion as untimely because "while the Supreme Court may still decide that the Guidelines as they were applied prior to *Booker* are subject to a vagueness challenge based on the Court's analysis in *Johnson*, it has not done so yet") (citation and quotation marks omitted).

Under the circumstances, McCandless can succeed only if a Supreme Court precedent has rendered his motion timely by recognizing a new right entitling him to relief. 28 U.S.C. § 2255(f)(3). Because neither *Johnson*, nor *Beckles*, nor any other Supreme Court case has newly recognized any right upon which McCandless seeks to rely, his Section 2255 Motion is dismissed as time-barred.

## II. No Evidentiary Hearing Is Required

The Court is required to hold an evidentiary hearing on a Section 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). As the analysis above demonstrates, the issues raised here can be conclusively decided on the basis of the

14

evidence in the record, and there is no reason to conduct an evidentiary hearing on McCandless' petition. *See, e.g.*, *United States v. Mejia–Mesa,* 153 F.3d 925, 929 (9th Cir. 1998).

## III. Certificate of Appealability

In denying his Section 2255 Motion, the Court must address whether McCandless should be granted a certificate of appealability. *See* R. 11(a), Rules Governing Section 2255 Proceedings. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met only when the applicant shows that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. MacDaniel,* 529 U.S. 473, 483–84 (2000) (internal quotation marks omitted).

Based on the foregoing analysis, the Court finds no reasonable jurist would find debatable this Court's assessment of the issues raised by the Section 2255 Motion. *See, e.g.*, *United States v. Ramos*, 681 F. App'x 672, 674 (10th Cir. 2017) ("In his § 2255 motion, [petitioner] argued that *Johnson*'s holding rendered his career-offender enhancement unconstitutional, but the district court found *Johnson* inapplicable. Because reasonable jurists could not debate the soundness of the district court's conclusion, we deny his request for a COA. . . . In view of *Beckles*,

no reasonable jurist could debate the district court's decision to deny [petitioner's] § 2255 motion."); *United States v. Garcia-Cruz*, 2017 WL 3269231, at *4 (S.D. Cal. Aug. 1, 2017) (denying as untimely Section 2255 motion brought by petitioner enhanced under then-mandatory Guidelines where his "claim arises out of an extension, not an application, of the rule announced in *Johnson*," and declining to issue a certificate of appealability).

Accordingly, the Court declines to issue a certificate of appealability.

## **CONCLUSION**

For the foregoing reasons, the Court DISMISSES McCandless' Section 2255 Motion. The Court also DENIES a certificate of appealability. The Clerk of the Court is directed to enter judgment in favor of the United States and close the case file.

IT IS SO ORDERED.

DATED: September 12, 2017 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*McCandless v. United States*; CR NO. 10-00793-1 DKW; CV NO. 15-00461 DKW-KJM; **ORDER DISMISSING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**