IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| JAMES McCANDLESS,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CR. NO. 10-00793-DKW-1<br>CV. NO. 25-00278 DKW-RT<br><br>**ORDER (1) DISMISSING WITHOUT PREJUDICE MOTION UNDER 28 U.S.C. SECTION 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE, AND (2) DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner James McCandless moves to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. Section 2255, on three grounds related to the Court's determination at sentencing that McCandless was a career offender under U.S.S.G. Section 4B1.1. Dkt. No. 302. The United States opposes the motion, arguing (1) it is "second or successive" under Section 2255(h) and, thus, this Court lacks jurisdiction to consider the same, and (2) it is untimely. Dkt. No. 304. Despite having until September 2, 2025 to file a reply, as of the date of this Order, McCandless has failed to do so. With the time for briefing complete, for the reasons set forth below, the motion to vacate is DISMISSED for a lack of jurisdiction because it is impermissibly "second or successive" under applicable law.

This is not the first time McCandless has moved to vacate his sentence under Section 2255. Almost a decade ago, in November 2015, McCandless moved to vacate his sentence on grounds very similar to the ones presented now, challenging the career-offender determination at sentencing ("First Motion"). Dkt. No. 164. After much litigation, including an unsuccessful interlocutory bail appeal filed with the Ninth Circuit, this Court dismissed the First Motion on September 12, 2017, finding that it was untimely under Section 2255(f). Dkt. No. 200. On July 2, 2025, McCandless filed the current motion to vacate ("Second Motion").

With this background as reference, pursuant to Section 2255(h), a "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals…." A district court, such as this one, "lacks jurisdiction" to consider a motion to vacate that is "second or successive" under Section 2255(h). *United States v. Lopez*, 577 F.3d 1053, 1061 (9th Cir. 2009). However, "second or successive" is a "term of art[,]" with not every motion to vacate filed "second-in-time…necessarily" being second or successive. *Tong v. United States*, 81 F.4 1022, 1025 (9th Cir. 2023).

Here, the Second Motion is undoubtedly second-in-time: the First Motion was filed in 2015, nearly a decade *before* the Second Motion. The only remaining question is whether the Second Motion is "second or successive" under applicable

2

law. In that regard, the Ninth Circuit Court of Appeals has explained that, "when a prisoner's first filing is dismissed due to a permanent and incurable bar to federal review, that dismissal is on the merits such that a later filing is deemed second or successive." *Tong*, 81 F.4th at 1025 (quotations omitted). More specifically, in the context of a Section *2254* habeas petition, the Ninth Circuit has concluded that a petition is "second or successive" when, as here, an earlier petition has been dismissed as untimely. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009).[1]

The foregoing law forecloses this Court's jurisdiction over the Second Motion. As recounted above, the First Motion was denied as untimely. This counts as a "merits determination", making any subsequent motion to vacate, such as the Second Motion, "second or successive" for purposes of Section 2255(h). *McNabb*, 576 F.3d at 1029; *Tong*, 81 F.4th at 1025. As an unauthorized "second or successive" motion, this Court lacks jurisdiction to consider the Second Motion and, thus, it is DISMISSED. *Lopez*, 577 F.3d at 1061. For the same reasons,

---

[1] Section 2244(b), which concerns habeas petitions brought under Section 2254, contains the identical term "second or successive" as found in Section 2255(h). *Compare* 28 U.S.C. § 2244(b), *with* 28 U.S.C. § 2255(h). The Court, thus, finds *McNabb*'s holding, as it relates to a Section 2254 petition, rather than one under Section 2255, to be a distinction without a difference. *See Tong*, 81 F.4th at 1025 n.2 (explaining that "the Supreme Court has not addressed the meaning of 'second or successive' in § 2255(h)," and assuming the interpretation of Section 2244(b) applies to Section 2255(h)); *Garcia-Mesa v. United States*, 2022 WL 2304230, at *1 (9th Cir. June 27, 2022) (citing *McNabb* and concluding that a first motion to vacate under Section 2255 that was denied as untimely is a "merits determination", rendering a later motion to vacate as "second or successive" under Section 2255(h)).

McCandless is not entitled to a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (providing that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right.").[2]

Finally, pursuant to Ninth Circuit Rule 22-3(a), when an "unauthorized second or successive…section 2255 motion is submitted to the district court, the district court may, in the interests of justice, refer it to the court of appeals." Here, for the reason set forth in the government's response, Dkt. No. 304 at 5-6, namely, McCandless' failure to explain how the claims in the Second Motion could be considered timely, particularly when this Court found similar claims to already be untimely *eight years ago*, this Court does not find that it would be in the interests of justice to refer the Second Motion to the Ninth Circuit. Therefore, the Court dismisses the Second Motion WITHOUT PREJUDICE to McCandless seeking "authorization from the court of appeals on Ninth Circuit Form 12." *See* Note to Ninth Circuit Rule 22-3.

---

[2]McCandless is also not entitled to an evidentiary hearing. *See* 28 U.S.C. § 2255(b) (providing that a hearing should be held unless the record conclusively shows that the prisoner is entitled to no relief).

The Clerk is directed to enter Judgment in favor of Respondent, the United States of America, and then close Case No. 25-cv-278-DKW-RT.

IT IS SO ORDERED.

Dated: September 23, 2025 at Honolulu, Hawaiʻi.



/s/ Derrick K. Watson
Derrick K. Watson
Chief United States District Judge

---

*James McCandless v. United States of America*; Cr No. 10-00793 DKW-1; Cv. No. 25-00278 DKW-RT; **ORDER (1) DISMISSING WITHOUT PREJUDICE MOTION UNDER 28 U.S.C. SECTION 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE, AND (2) DENYING CERTIFICATE OF APPEALABILITY**